IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JIBRIIL HERSI, | Case No. 1:18-CV-2437 |
| Petitioner, | JUDGE SOLOMON OLIVER, JR. |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| DAVID MARQUIS, Warden, | |
| Respondent. | **ORDER** |

Petitioner, Jibriil Hersi, *pro se*, filed multiple motions requesting various relief related to the prosecution of his petition for writ of habeas corpus. First, Hersi moves the court for the appointment of counsel because he has difficulty understanding legal proceedings and English. ECF Doc. 11. For the same reasons, Hersi also seeks appointment of an interpreter. *Id*. Additionally, Hersi moves to expand the record to include transcript pages that he believes are missing from the record that Respondent Warden David Marquis filed. ECF Doc. 10 at 4. Liberally construed, Hersi also requests leave to conduct discovery, so he can "fully investigat[e]" what happened during a hearing on December 2, 2016 and at trial on March 2 and 3, 2017.[1] *Id.* On April 10, 2019, Dave Marquis, Warden of Richland Correctional Institution, responded in opposition to Hersi's motions. ECF Doc. 12; ECF Doc. 13. On April 15, 2019, Hersi filed a supplemental brief. ECF Doc. 14.

---

[1] *Pro se* habeas petitioners' pleadings are liberally construed. *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985).

## I. Motion to Appoint Counsel

A petitioner seeking writ of habeas corpus does not have an automatic right to counsel. *See McClesky v. Zant*, 499 U.S. 467, 495 (1991); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Similarly, the Supreme Court has held that there is no "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Appointment of counsel for an indigent habeas petitioner is mandatory only if the district court determines that an evidentiary hearing is required, or when the petitioner seeks to vacate or set aside a death penalty. *See* 18 U.S.C. § 3599(a)(2) (providing that capital habeas corpus petitioners are entitled to appointment of counsel); *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 ("Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required."); Rules Governing § 2254 Cases, Rule 8(c). In all other circumstances, the court has considerable discretion in deciding whether to appoint counsel. *See* 28 U.S.C. § 2254(h); *Childs v. Pellegrin,* 822 F.2d 1382, 1384 (6th Cir. 1987). "Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under [§ 2254]." 18 U.S.C. § 3006A(a)(2)(B); *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). In determining whether the interests of justice require appointment of counsel, courts "often consider: (1) the legal complexity of the case; (2) factual complexity of the case, and (3) petitioner's ability to investigate and present his claims, along with any other relevant factors." *Gammalo v. Eberlin*, No. 1:5-cv-617, 2006 U.S. Dist. LEXIS 44349 *5 (N.D. Ohio June 29, 2006) (citing *Hoggard v. Purkett*, 29 F.3d 469 (8th Cir. 1994)).

Appointment of counsel is not mandatory in this case. Hersi is not challenging a death sentence, and the court has not determined that an evidentiary hearing is necessary. 18 U.S.C.

§ 3599(a)(2); *Lemeshko*, 325 F. Supp. 2d at 787; Rules Governing § 2254 Cases, Rule 8(c). Further, Hersi has not shown that the interests of justice require counsel to be appointed. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. § 2254(h); *Mira*, 806 F.2d at 638; *Childs,* 822 F.2d at 1384.

Here, Hersi's claims – that he has limited ability to understand the legal issues involved in his case and difficulty communicating in English – are not exceptional circumstances justifying the appointment of counsel. *See Lewis*, 518 U.S. at 350-51, 356 (deferring to prison officials in ensuring that inmates with language difficulties have a "reasonably adequate opportunity to file nonfrivolous claims."); *Canales v. Gray*, No. 5:18-cv-1857, 2018 U.S. Dist. LEXIS 149260 *2–3 (N.D. Ohio 2018) (denying appointment of counsel when a petitioner claimed "that he 'do not understand English' and he had help preparing his petition"); *Santiago v. Doom*, No. 3:10-cv-P39, 2010 U.S. Dist. LEXIS 99626 (W.D. Ken. 2010) (denying appointment of counsel when a petitioner stated that he did not have any legal training, had difficulty with English, and suffered from several physical and mental difficulties); *Pollock v. Lavender*, No. 2:11-cv-00114, 2012 U.S. Dist. LEXIS 12106 *10 (S.D. Ohio 2012) ("[A] pro se prisoner's lack of knowledge regarding legal proceedings does not constitute an extraordinary situation."), *adopted by* No. 2:11-cv-00114, 2012 U.S. Dist. LEXIS 24128 (S.D. Ohio 2012). The court notes that, despite Hersi's claim that he has difficulty with English, he has demonstrated the ability to effectively communicate with this court in his petition and subsequent motions. The court recognizes the difficulties *pro se* litigants face when petitioning for habeas corpus relief. Unfortunately, the court has extremely limited resources to provide attorneys for *pro se* litigants, and it will do so only in exceptional circumstances. Because no exceptional circumstances have been shown in this case, Hersi's motion for appointment of counsel is DENIED.

## II. Motion to Appoint an Interpreter

A habeas petitioner does not have a right to a court-appointed interpreter. *See Echevarriaromas v. Warden*, No. 1:17CV641, 2018 U.S. Dist. LEXIS 31615 at *4 (N.D. Ohio Feb. 2, 2018) ("Petitioners failed to identify any legally cognizable right to the assistance of a translator or interpreter in preparation of habeas petitioners."); *Youssef v. Miller*, No. 1:15CV2150, 2016 U.S. Dist. LEXIS 106279, at *4 (N.D. Ohio Aug. 11, 2016) ("There is not right to a translator or interpreter for habeas petitioners."). Furthermore, no provision under the Antiterrorism and Effective Death Penalty Act ("AEDPA") authorizes the court to appoint an interpreter for the preparation of a Habeas petitioner's pleadings. *See generally* 28 U.S.C. § 2254. If the court later decides to conduct an evidentiary hearing, the court may consider appointing an interpreter under 28 U.S.C. § 1827. Accordingly, Hersi's motion to appointment an interpreter is DENIED.

## III. Motion to Expand the Record

Regarding the state-court record, Hersi moves the court to expand the trial record to include conversations Hersi alleges are missing from the transcript. ECF Doc. 10 at 4. Specifically, Hersi asserts that pages are missing between pages 742 and 743 of the trial transcript Warden Marquis filed. *Id.* A review of the transcript indicates that no pages are missing. *See* ECF Doc. 9-2 at 803-04 (transcript pages 742-43). Instead, Hersi appears to seek a transcript of jury deliberations, or courtroom discussions that might have occurred while the jury was deliberating. *See id.* (noting that the court dismissed the jury for deliberations, went off the record, and returned on the record at 4:25 pm to send everyone home for the evening).

Under Habeas Rule 7, federal courts have discretion to "direct the parties to expand the record by submitting additional materials related to the petition." Rules Governing § 2254

Cases, R. 7(a). Such materials may include "letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record." *Id.*, R. 7(b). However, federal courts' discretion to expand the record is tempered by their inability to consider evidence not presented before the state courts when determining the merits of a claim that the state courts addressed on the merits. *Cf. Moore v. Mitchell*, 708 F.3d 760, 780–84 (6th Cir. 2013) (noting that expanding the record to include evidence that was not before the state courts could conflict with AEDPA's requirement that state prisoners first present their claims to state courts); *see also Cullen v. Pinholster*, 563 U.S. 170 (2010) (holding that habeas review is limited to the record before the state court when the state court ruled on the merits of the petitioner's claim).

Hersi has not shown that a transcript of jury deliberations, or any conversation that might have happened in the courtroom while the jury was deliberating, was before the state courts when they reviewed the merits of his claims. *Moore*, 708 F.3d at 780–84. Moreover, jury deliberations have historically been kept private and excluded from trial records in order to protect the integrity of jury verdicts. *See McDonald v. Pless*, 238 U.S. 264, 267-68 (1915) (stating that jury deliberates were "intended to be [] private" and that making them public would subject jurors to harassment and destroy "all frankness and freedom of discussing and conference"). Accordingly, Hersi's motion to expand the record is DENIED.

### IV. Motion for Discovery

Liberally construed, Hersi seeks this court's permission to conduct discovery, so that he can "fully investigat[e] march-2-2017 and march-3-2017 and dec-2-2016." ECF Doc. 10 at 4. Upon review of the record and Hersi's motion, it appears that Hersi wishes to investigate: (1) a December 2, 2016, hearing during which trial counsel requested a continuance; (2) trial

counsel's March 2, 2017, request that the court dismiss his felonious assault charge; and (3) trial counsel's March 3, 2017, post-verdict request for a bond hearing, so that he could make arrangements for his truck. ECF Doc. 11 at 1–3; *see also* ECF Doc. 9-2 at 751–52. In his supplemental motion, Hersi further states that he wants video recordings of the court proceedings on those dates. ECF Doc. 14.

Habeas petitioners have no right to conduct discovery unless the court approves. *See* Rules Governing § 2254 Cases, R. 6(a). Under Habeas Rule 6, the court has discretion to grant discovery in a habeas case upon a fact-specific showing of good cause. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001) (citing *Bracy v. Gramley*, 520 U.S. 890 (1997), and *Byrd v. Collins*, 209 F.3d 486, 515–16 (6th Cir. 2000)). Good cause exists only when "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908–09 (omission in original). Further, the party seeking discovery has the burden of proving that the requested information is material. *Stanford*, 266 F.3d at 460. "Bald assertions and conclusory allegations do not provide sufficient ground" for granting a habeas petitioner's discovery requests. *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003) (death penalty case) (holding that a petitioner could not show the district court abused its discretion in denying him an evidentiary hearing to investigate whether the prosecution had any internal documents linking the victim to another suspect, which the petitioner believed would support his claim that counsel was defective for not further investigating the other suspect).

Hersi has not shown good cause for allowing discovery, or that the subjects he wishes to discover are material to his habeas petition. Here, Hersi has not set forth any specific factual allegations indicating that a more-fully developed exploration of trial counsel's motion for a

continuance, request for dismissal of the felonious assault charge, or request for a bond hearing would illustrate that he is entitled to habeas relief. *Bracy*, 520 U.S. at 908–09; *Bowling*, 344 F.3d at 512. Furthermore, because Hersi's habeas petition raises claims related only to whether appellate counsel was effective – and does not assert any claims related to trial counsel's motion for a continuance, request to dismiss the felonious assault charge, or request for a bond hearing – he has not shown that the discovery he seeks to conduct would be material to his habeas petition. *Stanford*, 266 F.3d at 460. Accordingly, Hersi's construed motion for leave to conduct discovery and supplemental motion are DENIED.

## V. Summary

Hersi's motion for appointment of counsel (ECF Doc. 11), motion to appointment an interpreter (ECF Doc. 11), motion to expand the record (ECF Doc. 10), motion to conduct discovery (ECF Doc. 10), and supplemental motion (ECF Doc. 14) are DENIED.

**IT IS SO ORDERED.**

Dated: April 16, 2019

Thomas M. Parker
United States Magistrate Judge