UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JIBRIIL A. HERSI, *Pro Se*, | ) | Case No.: 1:18 CV 2437 |
| Petitioner | ) ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) | |
| WARDEN DAVE MAQUIS, | ) ) | |
| Respondent | ) | ORDER |

Currently pending before the court in the above-captioned case is *pro se* Petitioner Jibriil Hersi's ("Petitioner" or "Hersi") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (ECF No. 1.) Under Local Rule 72.2, the court referred the matter to Magistrate Judge Thomas M. Parker ("Magistrate Judge" or "Judge Parker") for a Report and Recommendation ("R & R"). For the following reasons, the court adopts Judge Parker's R & R that the Petition be denied in its entirety.

On October 22, 2018, Hersi filed the Petition challenging his conviction and sentence in state court for failing to comply with an order or signal of a police officer and for felonious assault. (*See* R & R at PageID #1424, 1428, ECF No. 27.) As a result of the conviction, Hersi was sentenced to an aggregate of three (3) years' imprisonment to be followed by three (3) years of post-release control. (*Id.* at PageID #1424.) The Petition asserts the following grounds for relief:

> GROUND ONE:   Hersi was deprived effective assistance of appellate counsel in violation of the Sixth Amendment to the United States Constitution when appellate counsel failed to raise[:] "Hersi's Due Process rights under the Fourteenth Amendment to the United States Constitution [were] violated when the indictment failed to specify [which] of the

>                         two instances of Hersi's alleged swerving constituted the basis for the
>                         felonious assault charge.["]
>
> GROUND TWO:             Hersi was [deprived] effective assistance of appellate counsel in
>                         violation of the Sixth Amendment to the United States Constitution
>                         when appellate counsel failed to raise: ["]Hersi's felonious assault
>                         conviction was obtained in violation of the Due Process clause of the
>                         Fourteenth Amendment to the United States Constitution because the
>                         State of Ohio failed to produce sufficient evidence that Hersi 'caused
>                         or attempted to cause serious physical harm' to Trooper Melicant or
>                         Officer Bell."

(Pet. at PageID #4–5, ECF No. 1.) On January 10, 2019, Hersi filed a Supplement to the Petition, which appears to ask the court to investigate the circumstances surrounding a hearing held in state court about Hersi's felonious assault charge. (*See* Suppl., ECF No. 3-1.) Respondent Warden Dave Maquis ("Respondent") filed an Answer/Return of Writ on March 13, 2019. (ECF No. 9.) Hersi did not file a Reply/Traverse, despite receiving an extension of time from Judge Parker.

Judge Parker submitted his R & R on May 26, 2020, recommending that the court deny and dismiss the Petition because Ground One is meritless and Ground Two is procedurally defaulted. (R & R at PageID #1422–23, ECF No. 27.) As to Ground One, the R & R concludes that "the Ohio Court of Appeals expressly applied the correct standard for ineffective-assistance-of-counsel claims" and it "reasonably concluded that counsel's performance was not deficient." (*Id.* at PageID #1437.) Moreover, Judge Parker points out that "the indictment *did* specify that Hersi was charged with feloniously assaulting [Officer] Bell." (*Id.* at PageID #1437.) As for Ground Two, the R & R finds that Hersi procedurally defaulted the claim because he did not raise it on direct appeal, nor did he show cause to excuse the default. (*Id.* at PageID #1438–39.) Finally, the R & R notes that "Hersi's supplemental filing does not raise any claim cognizable on federal habeas review." (*Id.* at PageID #1441.) Neither party filed objections to the R & R by the June 9, 2020, deadline.

After a careful *de novo* review of the R & R, the parties' arguments, and all relevant materials

in the record, the court finds that Judge Parker's recommendations are fully supported by the record and controlling case law. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). Hersi has not established that his federal rights were violated. Accordingly, the court adopts Judge Parker's R & R in its entirety and hereby denies and dismisses the Petition. The court also certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

    IT IS SO ORDERED.

                                              */s/ SOLOMON OLIVER, JR.*
                                              UNITED STATES DISTRICT JUDGE

June 22, 2020